IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARSHALL COMPANY, LTD., | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| SUSSEX INSURANCE COMPANY F/K/A | § | |
| COMPANION PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY; EMPLOYERS | § | |
| MUTUAL CASUALTY COMPANY; | § | |
| HARTFORD LLOYD'S INSURANCE COMPANY; | § | |
| HARTFORD UNDERWRITERS INSURANCE | § | |
| COMPANY; FREESTONE INSURANCE | § | |
| COMPANY F/K/A DALLAS NATIONAL | § | |
| INSURANCE COMPANY; AMERICAN FIRE & | § | |
| CASUALTY COMPANY; THE CINCINNATI | § | |
| INSURANCE COMPANIES; UNITED FIRE | § | |
| LLOYDS; UNITED FIRE & CASUALTY COMPANY; | § | |
| AMERICA FIRST INSURANCE COMPANY; | § | |
| FIRST MERCURY INSURANCE COMPANY; | § | |
| AND TRAVELERS CASUALTY AND | § | |
| SURETY COMPANY, | § | |
| | § | |
|    Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

     COME NOW, Marshall Company, Ltd. ("Marshall" or "Plaintiff"), and files this its Original Complaint (the "Complaint") complaining of Sussex Insurance Company, formerly known as Companion Property & Casualty Insurance Company; Employers Mutual Casualty Company; Hartford Lloyd's Insurance Company; Hartford Underwriters Insurance Company; Freestone Insurance Company, formerly known as Dallas National Insurance Company; American Fire &

Casualty Company; The Cincinnati Insurance Companies; United Fire Lloyds; United Fire & Casualty Company; America First Insurance Company; First Mercury Insurance Company; and Travelers Casualty and Surety Company; ("Insurers" or "Defendants"), and would respectfully show the Court as follows:

## I.  PARTIES

1. Plaintiff, Marshall Company, Ltd., is a Texas limited partnership.

2. Defendant, Sussex Insurance Company formerly known as Companion Property & Casualty Insurance Company ("Sussex Insurance"), is an Illinois corporation authorized to conduct business in the State of Texas.  Sussex Insurance may be served with process through its registered agent in the State of Texas, C T Corporation System, 1999 Bryan St, Suite 900, Dallas TX 75201-3136, or wherever it may be found.

3. Defendant, Employers Mutual Casualty Insurance ("Employers Mutual"), is an Iowa corporation authorized to conduct business in the State of Texas.  Employers Mutual may be served with process through its registered agent in the State of Texas, Donnie M. Wiese, at EMC Insurance Companies, 777 E. Campbell Rd., Suite 650, Richardson, Texas 75081-1891 or wherever he may be found.

4. Defendant, Hartford Lloyd's Insurance Company ("Hartford Lloyd's"), is a Texas corporation authorized to conduct business in the State of Texas.  Hartford Lloyd's Insurance Company may be served with process by serving its registered agent in the State of Texas, C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

5. Defendant, Hartford Underwriters Insurance Company ("Hartford Underwriters"), is a Connecticut corporation authorized to conduct business in the State of Texas.  Hartford Underwriters

may be served with process by serving its registered agent in the State of Texas, C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

6.     Defendant, Freestone Insurance Company formerly known as Dallas National Insurance Company ("Freestone Insurance"), is a Delaware corporation authorized to conduct business in the State of Texas. Freestone Insurance may be served with process by serving its registered agent in the State of Texas, C T Corporation System, at 350 North Saint Paul Street, Suite 2900, Dallas, TX 75201-4234.

7.     Defendant, American Fire & Casualty Company ("American Fire"), is a New Hampshire corporation authorized to conduct business in the State of Texas. American Fire may be served with process by serving its registered agent in the State of Texas, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

8.     Defendant, The Cincinnati Insurance Companies ("The Cincinnati"), is an Ohio corporation authorized to conduct business in the State of Texas. The Cincinnati may be served with process by serving its registered agent in the State of Texas, National Registered Agents Inc., at 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

9.     Defendant, United Fire Lloyds ("UF Lloyds"), is a Texas corporation authorized to conduct business in the State of Texas. UF Lloyds may be served with process by serving its registered agent in the State of Texas, Joe Johnson, at 455 E. Med Center Blvd., Suite 400, Webster, TX 77598-4398.

10.    Defendant, United Fire & Casualty Company ("United Fire"), is a Texas corporation authorized to conduct business in the State of Texas. United Fire may be served with process by serving its registered agent in the State of Texas, Joe Johnson, at 455 E. Med Center Blvd., Suite 400, Webster, TX 77598-4398.

11. Defendant, America First Insurance Company ("America First"), is a New Hampshire corporation authorized to conduct business in the State of Texas. America First may be served with process by serving its registered agent in the State of Texas, Corporation Service Company, 211 East 7th Street Suite 620, Austin TX 78701-3218.

12. Defendant, First Mercury Insurance Company ("First Mercury"), is a Delaware corporation authorized to conduct business in the State of Texas. First Mercury Insurance may be served with process by serving Ronald Harrell, Vice President Claims, at 26600 Telegraph Rd., Southfield, MI 48033.

13. Defendant, Travelers Casualty and Surety Company ("Travelers"), is a Connecticut corporation authorized to conduct business in the State of Texas. Travelers may be served with process by serving its registered agent in the State of Texas, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

## II.   JURISDICTION AND VENUE

14. This Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. § 1332(a)(1) and 1332(c)(1) because Marshall and the Insurers are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Marshall's claim occurred within this District and within this Division.

16. Further, venue is also appropriate in this Court under 28 U.S.C. § 1391(b)(3) because the Insurers have, at all material times, conducted business in the State of Texas.

### III.     FACTUAL BACKGROUND

17.     This action for declaratory judgment arises out of a present controversy between Marshall and the Insurers regarding the duties of the Insurers to defend and indemnify Marshall for any liability arising from the lawsuit styled Cause No. D-1-GN-16-000107; *International Bank of Commerce vs. Marshall Company, Ltd., Jose Calzada, and Architectura SA, Inc.*; in the 419th Judicial District Court of Travis County, Texas ("Underlying Lawsuit").

18.     The Underlying Lawsuit involves the construction of two buildings: the East Cesar Chavez Building/Administrative Building and the Research Boulevard Building/Mortgage Building, both owned by International Bank of Commerce ("IBC"), and both located in Austin, Texas (the "Projects"). Marshall, as general contractor, entered into a separate contract with IBC on each Project (collectively, the "Construction Contracts"). In connection with the performance of its work under the Construction Contracts (the "Work"), Marshall entered into subcontracts with various subcontractors to perform the Work (individually, a "Subcontract," and collectively, the "Subcontracts"). These subcontractors include, but are not limited to: Hills of Texas Roofing; Q. A. Construction; The Chism Company; Boyd Tile; Mercury Electric; Douglas Glass; Floyd's Glass; Rollins Tile; Hampton Lathing & Plastering; and Steve Hampton Plastering (collectively referred to herein as "Subcontractors").

19.     Below is a list of the Subcontractors whose work or materials have been implicated by IBC's allegations, as well as a general description of the respective roles of each of the Subcontractors in connection with the Projects:

- Hills of Texas Roofing provided roofing work on one or both of the Projects;

- Q. A. Construction provided roofing work on one or both of the Projects;

- The Chism Company installed awnings on one or both of the Projects;

- Boyd Tile furnished and installed the granite tile on one or both of the Projects;

- Mercury Electric provided the electrical and fire alarm systems on one or both of the Projects;

- Douglas Glass furnished and installed the window system on one or both of the Projects;

- Floyd's Glass furnished and installed the window system on one or both of the Projects;

- Rollins Tile furnished and installed the granite tile on one or both of the Projects;

- Hampton Lathing & Plastering furnished and installed the stucco and the ICF blocks on one or both of the Projects; and

- Steve Hampton Plastering furnished and installed the stucco and the ICF blocks on one or both of the Projects.

20. In the Underlying Lawsuit, IBC is seeking to recover damages from Marshall in connection with the performance of the Work, which IBC alleges was defective. Specifically, IBC has filed claims against Marshall for alleged negligence in the performance of the Work.

21. Marshall has filed a Third-Party Petition in the Underlying Lawsuit against the Subcontractors, asserting claims for contribution, indemnity, breach of contract, breach of warranty, and negligence.

22. Specifically, each of the Subcontracts included the following indemnification and additional insured provisions:

4. **INSURANCE REQUIREMENTS:**

. . .

c. **MARSHALL COMPANY**, Owner and all other parties required of **MARSHALL COMPANY**, shall be included as insured on the CGL (including Products/Completed Operations), using ISO Additional Insured Endorsements CG 20 10 10 01 AND CG 20 37 10 01 or an endorsement providing equivalent coverage to the additional insured. This insurance for the additional insureds shall be as broad as the coverage provided for the named insured subcontractor. It shall apply as primary and non-contributory insurance before any other insurance or self-insurance, including any deductible, maintained by, or provided to, the additional insured.

d. Subcontractor shall maintain CGL coverage for itself and all additional insureds for the duration of the project and maintain Completed Operations coverage for itself and each additional insured for at least three (3) years after completion of the work.

**COMMERCIAL UMBRELLA**

a. Umbrella limits must be at least $1,000,000.

b. Umbrella coverage must include as insureds all entities that are additional insureds on the CGL.

c. Umbrella coverage for such additional insureds shall apply as primary and non-contributory insurance before any other insurance or self-insurance, including any deductible, maintained by, or provided to, the additional insured other than the CGL, Auto Liability and Employers Liability coverage maintained by the Subcontractor.

Subcontractor waives all rights against **MARSHALL COMPANY**, Owner and Architect and their agents, officers, directors and employees for recovery of damages to the extent these damages are covered by commercial general liability, commercial umbrella liability, business auto liability or workers compensation and employers liability insurance maintained per requirements stated above. Provide waiver of subrogation.

Subcontractor shall provide **MARSHALL COMPANY** with valid certificates of insurance prior to commencement of work verifying said insurance requirements have been met. Attached to each certificate of insurance shall be a copy of the Additional Insured Endorsement that is part of the Subcontractor's CGL Policy.

30 day notice of cancellation in favor of **MARSHALL COMPANY.**

5. **HOLD HARMLESS AGREEMENT: THE SUBCONTRACTOR AGREES TO INDEMNIFY AND HOLD HARMLESS MARSHALL COMPANY, OWNER, ARCHITECT AND ENGINEER, ALONG WITH THEIR RESPECTIVE OFFICERS, AGENTS, SERVANTS AND EMPLOYEES FROM ALL CLAIMS, SUITS, JUDGMENTS AND EXPENSES – INCLUDING ATTORNEY'S FEES AND EXPENSES OF LITIGATION – INVOLVING ECONOMIC LOSS, PERSONAL INJURY, PROPERTY DAMAGE OR WRONGFUL DEATH THAT ARISE OUT OF OR ARE CONNECTED WITH THE SUBCONTRACTOR'S WORK OR PRESENCE ON THE JOB OR THAT ARISE OUT OF OR ARE CONNECTED WITH THE WORK OR PRESENCE OF ANY OF SUBCONTRACTOR'S SUBCONTRACTORS ON THE JOB. THE DEFENSE, INDEMNITY OR HOLD HARMLESS OBLIGATION IN THE FORGOING SENTENCE APPLIES EVEN IF THE ECONOMIC LOSS, PERSONAL INJURY, WRONGFUL DEATH OR PROPERTY DAMAGE IS CAUSED IN WHOLE OR IN PART BY THE NEGLIGENCE, STRICT LIABILITY, WARRANTY BREACH, CONTRACT BREACH OR OTHER LEGAL FAULT OF A PARTY INDEMNIFIED HEREUNDER. SUBCONTRACTOR FURTHER AGREES THAT ANY INDEMNITEE HAS THE RIGHT TO SELECT ITS OWN COUNSEL AT SUBCONTRACTOR'S EXPENSE AS WELL AS THE RIGHT TO CONTROL ITS OWN DEFENSE EXCEPT THAT, IN CIRCUMSTANCES WHERE SUBCONTRACTOR HAS ACCEPTED WITHOUT RESERVATION ITS INDEMNITY OBLIGATION, NO INDEMNITEE MAY SETTLE WITHOUT THE EXPRESS APPROVAL OF SUBCONTRACTOR OR ITS DESIGNEE. THE INDEMNITY OBLIGATION STATED HEREIN IS NOT LIMITED BY THE INSURANCE REQUIREMENTS OF THIS CONTRACT.**

23. As set forth in the chart attached hereto as **Exhibit "A,"** the Insurers, in consideration for the premiums duly paid in full by each of the identified Subcontractors, issued a Commercial General Liability Policy and Umbrella Liability Policy to the Subcontractors (the "Policies"). Pursuant to the terms of these Policies, Marshall was an insured under the Policies. Each of the Subcontractors provided Marshall with Certificates of Liability Insurance in accordance with the written Subcontracts.

## IV.     CAUSE OF ACTION

## **DECLARATORY JUDGMENT**

24.     Marshall hereby incorporates herein paragraphs 1 through 23 of this Complaint by reference.

25.     To the extent that IBC's damages, if any, are attributed to Marshall, those damages are attributable to one or more of the Subcontractors for the Subcontractors' failure to provide materials and/or services as contracted, thereby breaching their respective agreements with Marshall and causing the alleged property damage to IBC.  The Subcontractors have assumed the liability of Marshall in each of the Subcontracts.  The Subcontractors have also assumed the obligation to defend Marshall.  Therefore, the Insurers are obligated to defend and indemnify Marshall.

26.     An actual controversy has arisen between Marshall and Insurers as to whether Insurers are obligated under the policies of insurance to defend the Marshall in the Underlying Lawsuit, and to indemnify Marshall to any liability rendered herein.

27.     Pursuant to the insuring agreements of said Policies, Marshall is entitled to defense and indemnification for the claims asserted against Marshall in the Underlying Lawsuit.

## V.     ATTORNEYS' FEE

28.     Marshall requests that this Court award their court costs and their reasonable and necessary attorneys' fees as allowed by Sections 38.001 and 37.009 of the Texas Civil Practice & Remedies Code.  Marshall further requests that the Court award them any other relief to which they may justly be entitled under law.

## VI.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Marshall requests judgment as follows: (1) a declaration that Insurers are obligated to defend and indemnify Marshall in the action entitled Cause

No. D-1-GN-16-000107; *International Bank of Commerce vs. Marshall Company, Ltd., Jose Calzada, and Architectura SA, Inc.*; in the 419th Judicial District Court of Travis County, Texas; (2) an award of its reasonable and necessary attorneys' fees and costs of court and, (3) such other and further relief to which they may be entitled, at law and in equity.

Dated:  October 23, 2017.

                Respectfully Submitted,

                CRADY, JEWETT & McCULLEY, LLP

By:  */s/ Elizabeth A. Harris*
     Elizabeth A. Harris, Attorney-in-Charge
     State Bar No. 24074367
     Federal Id No. 1402919
     Email: eharris@cjmlaw.com
     2727 Allen Parkway, Suite 1700
     Houston, Texas 77019-2125
     Telephone: (713) 739-7007
     Facsimile: (713) 739-8403

Of Counsel:
William R. Sudela
State Bar No. 19463300
Federal Id No. 6386
Email: wsudela@cjmlaw.com
J. Daniel Long
State Bar No. 24036985
Federal Id No. 33426
Email: dlong@cjmlaw.com
Kendall V. Speer
State Bar No.: 24077954
Federal Id No. 2783343
Email: kspeer@cjmlaw.com
Andrea Levy Riesenfeld
State Bar No.: 24102086
Federal Id No. 3016039
Email: alevy@cjmlaw.com
CRADY, JEWETT & McCULLEY, LLP
2727 Allen Parkway, Suite 1700
Houston, Texas 77019-2125
Telephone: (713) 739-7007
Facsimile: (713) 739-8403
**Attorneys for Plaintiff, Marshall Company Ltd.**